NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD P. KAPLAN, | Civil Action No. 13-1882 (KM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MARGHERITA A. KAPLAN (PITALI), et al., | **and ORDER** |
| Defendants. | |

**APPEARANCES:**

Richard P. Kaplan
FCI Otisville - MED
P.O. Box 1000
Otisville, NY 10963
    Plaintiff pro se

**McNULTY,** District Judge

This matter was originally opened to the Court by Plaintiff Richard P. Kaplan's submission of a Complaint [1], which this Court received on March 25, 2013. Plaintiff neither prepaid the filing fee at that time nor submitted an application for leave to proceed in forma pauperis. On April 5, 2013, this Court entered an Order [2] dismissing the Complaint without prejudice, due to lack of federal subject matter jurisdiction and for failure to state any plausible or cognizable claim. The Order provided that, if Plaintiff did not file an amended complaint within 30 days thereafter, the action would be dismissed with prejudice.

This matter is again before the Court upon Plaintiff's submission of a proposed Amended Complaint [3] which this Court received on May 2, 2013, and which this Court construes as a request to reopen this matter.

It Appearing That:

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

At the time Plaintiff submitted his original Complaint, the filing fee was $350. Neither the original Complaint nor the proposed Amended Complaint was accompanied by the filing fee or by an application for leave to proceed in forma pauperis.

Plaintiff is a federal prisoner confined at the Federal Correctional Institution at Otisville, New York. A prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee, in installments, as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the

agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his Complaint and Amended Complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions). If the Court dismisses the case for any of these reasons, Section 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, as noted above, Plaintiff failed either to prepay the $350 filing fee or to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified institutional account statement. See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

IT IS, therefore, on this 20th day of August, 2013,

3

ORDERED that the request to reopen this matter is DENIED WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk of the Court shall supply to Plaintiff a blank form entitled "Affidavit of Poverty and Account Certification (Civil Rights) (DNJ-ProSe-007-A-(Rev. 05/2013))," to be used by Plaintiff in any future application to proceed in forma pauperis; and it is further

ORDERED that if Plaintiff wishes to reopen this action, he shall so notify the Court, in writing addressed to the Clerk of the Court, at

> Clarkson S. Fisher Building and U.S. Courthouse, 402 East State Street, Trenton, New Jersey, 08608,

within 30 days after the date of entry of this Order; Plaintiff's writing shall include either (1) a complete in forma pauperis application, including an affidavit of indigence and six-month prison account statement, certified by the appropriate official of each prison at which the prisoner is or was confined, or (2) the $350 filing fee; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

_____
Kevin McNulty
United States District Judge