UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD P. KAPLAN,<br><br>    Plaintiff,<br><br>v.<br><br>MARGHERITA A. KAPLAN (PITALI), et al.,<br><br>    Defendants. | Civ. No. 13-1882 (KM) (MAH)<br><br>**OPINION** |

## KEVIN MCNULTY, U.S.D.J.

The petitioner, Richard P. Kaplan, appearing *pro se,* is a federal prisoner currently incarcerated at F.C.I. Otisville in the State of New York. He moves to reopen this action, which he voluntarily dismissed over a year ago. The now-dismissed amended complaint asserted claims arising from Mr. Kaplan's divorce from defendant Margherita Kaplan. On October 28, 2013, this Court dismissed that amended complaint without prejudice, based on Mr. Kaplan's notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (*See* Dkt. Nos. 6, 8.) The Court denied Mr. Kaplan's pending applications to proceed *in forma pauperis* as moot.

Over one year later, on December 24, 2014, this Court received Mr. Kaplan's motion to reopen the action. He asserts that defendant Margherita Kaplan and political figures are conspiring against him to keep him confined and that they have "set Mr. Kaplan up." (Dkt. No. 9 at p. 1.) I will order the Clerk to reopen this action temporarily, for the limited purpose of permitting consideration of the motion, but I will deny the motion itself.

At the time he voluntarily dismissed the amended complaint, Mr. Kaplan had neither paid the filing fee nor been granted *in forma pauperis* status. Because one or the other is required, this action was never properly filed in the first place. "Reopening" it would be a hollow gesture—a

1

restoration to dismissable status. And Mr. Kaplan's motion to reopen the case does not include a filing fee or a new application to proceed *in forma pauperis* which, at this late date, would be required.

The proper procedure is to require that Mr. Kaplan file a new civil action. *See Great Am. Ins. Co. of N.Y. v. Day*, No. 12-2295, 2013 WL 254563, at *1 (D. Md. Jan. 22, 2013) (denying plaintiff's motion to reopen and requiring that a new action be filed where plaintiff previously filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) (citing *Adams v. Lever Bros. Co.*, 874 F.2d 393, 395 (7th Cir. 1989)). Mr. Kaplan voluntarily dismissed this case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). That dismissal was without prejudice to reassertion of the claims, but they must be reasserted on a proper procedural basis.

Even now, Mr. Kaplan has not taken the basic step of proffering a filing fee or submitting an updated application to proceed *in forma pauperis*. The allegations he now wishes to pursue appear to be distinct from those asserted in the old complaint.

If Mr. Kaplan wishes to proceed, he must (a) initiate a new civil action; (b) file and serve a new complaint containing the allegations he wishes to pursue; and (c) include either the required filing fee or a properly supported application to proceed *in forma pauperis* The motion to reopen is denied. An appropriate order accompanies this opinion.

Dated: January 20, 2015

_____
KEVIN MCNULTY
United States District Judge