UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD P. KAPLAN,

    Plaintiff,

v.

MARGHERITA A. KAPLAN (PITALI), et al.,

    Defendants.

Civ. No. 13-1882 (KM) (MAH)

**OPINION**

## KEVIN MCNULTY, U.S.D.J.

    The plaintiff, Richard P. Kaplan, appearing *pro se*, is a federal prisoner currently incarcerated at F.C.I. Otisville in the State of New York. In 2013, Mr. Kaplan's amended civil rights complaint, filed in 2013, asserted claims arising from Mr. Kaplan's divorce from defendant Margherita Kaplan. In September, 2013, however, Mr. Kaplan filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). After he filed this notice of voluntary dismissal, Mr. Kaplan filed an application to proceed *in forma pauperis*. On October 28, 2013, this Court dismissed the amended complaint without prejudice in light of Mr. Kaplan's notice of voluntary dismissal, and denied his application to proceed *in forma pauperis* without prejudice in light of his dismissal of the amended complaint.

    On December 24, 2014, over one year after the case was dismissed, Mr. Kaplan filed an application to reopen this case. In that motion to reopen, Mr. Kaplan asserted that defendant Margherita Kaplan and political figures were conspiring to keep him confined and that they had "set Mr. Kaplan up." (Dkt No. 9 at p. 1). On January 20, 2015, I denied Mr. Kaplan's motion to reopen the case. The Court first noted that at the time Mr. Kaplan voluntarily dismissed the amended complaint, he had neither paid the filing fee nor been granted *in forma pauperis* status.

(*See* Dkt. No. 10 at p. 1.) Furthermore, because Mr. Kaplan's motion to reopen did not include the filing fee or a new application to proceed *in forma pauperis*, "reopening" would have been a futile gesture. (*See id.* at p. 1-2.) Additionally, the Court noted that the allegations Mr. Kaplan raised in his motion to reopen were distinct from those asserted in his amended complaint. It followed that the proper procedure was for him to file a new civil action. (*See id.* at p. 2.)

On February 3, 2015, the Court received another motion to reopen from Mr. Kaplan. (*See* Dkt. No. 12.) Mr. Kaplan again seeks to reopen this case, stating that he wishes to State Tort Claims Act claims. He objects to being charged an additional filing fee to open a new case. I will order the Clerk to reopen this action temporarily, for the limited purpose of permitting consideration of the current motion to reopen, but I will deny the motion itself.

First and foremost, the Court previously advised Mr. Kaplan that the proper procedure was to file a new civil action, not to seek to reopen this dismissed action. (*See* Dkt. No. 10 at p. 2 (citing *Great Am. Ins. Co. of N.Y. v. Day*, No. 12-2295, 2013 WL 2543563, at *1 (D. Md. Jan. 22, 2013) (denying plaintiff's motion to reopen and requiring that a new action be filed where plaintiff previously filed a notice of dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) (citing *Adams v. Lever Bros. Co.*, 874 F.2d 393, 395 (7th Cir. 1989)).) That procedure should be followed.

Second, Mr. Kaplan errs in contending that he should not be charged an additional filing fee for reopening a case. Mr. Kaplan has never tendered a filing fee in this case, either at the original stage or the reopening stage. Nor has he ever been granted *in forma pauperis* status in this case. If he pays or is excused from paying the filing fee, it will be for the first time.

Third, although Mr. Kaplan's current motion to reopen includes an application to proceed *in forma pauperis*, but that application is incomplete. Mr. Kaplan's prisoner account statement

2

has not been certified by the appropriate prison official as required. *See* L.Civ.R. 81.2(b) (Whenever a Federal, State or local prisoner submits a civil rights complaint . . . and seeks *in forma pauperis* status, the prisoner shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by the authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.").

I mention a final point for the guidance of this *pro se* litigant. It may be that Mr. Kaplan will seek to file a new action under the State Tort Claims Act, not a federal-law action under 42 U.S.C. § 1983. (*See* Dkt. No. 12-3 at p. 1.) In general, state law claims are brought in state court. The only likely basis for a federal court's jurisdiction over a state law claim is diversity of citizenship. This court has jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). "Jurisdiction under § 1332(a) requires 'complete diversity,' meaning that 'no plaintiff can be a citizen of the same state as any of the defendants.'" *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (quoting *Grand Union Supermarkets of the V.I., Inc., v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2008)). For purposes of diversity jurisdiction, "the domicile of a prisoner before his imprisonment remains his domicile during his imprisonment. That presumption, however, may be rebutted by showing a *bona fide* intent to remain in the state of incarceration on release." *Pierro v. Kugel*, 386 F. App'x 308, 309-10 (3d Cir. 2010) (citing *Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973); *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006); *Singletary v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 9 F.3d 1236, 1238 (7th Cir. 1993);

*Housand v. Heiman*, 594 F.2d 923, 925 n.5 (2d Cir. 1979) (per curiam); *Jones v. Hadican*, 552 F.2d 249, 251 (8th Cir. 1977)).

## CONCLUSION

For the foregoing reasons, Mr. Kaplan's motion to reopen will be denied. If he wishes to pursue these claims, Mr. Kaplan must file a new action. That new action must be accompanied by the filing fee or a properly completed application to proceed *in forma pauperis*. An appropriate order will be entered.

Dated: February 9, 2015

_____
KEVIN MCNULTY
United States District Judge