UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD P. KAPLAN, | |
| Plaintiff, | Civ. No. 13-1882 (KM) (MAH) |
| v. | OPINION |
| MARGHERITA A. KAPLAN (PITALI), et al., | |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION AND BACKGROUND

The plaintiff, Richard P. Kaplan, is a federal prisoner proceeding *pro se* with a civil rights complaint. Mr. Kaplan's amended civil rights complaint, filed in 2013, asserted claims arising from his divorce from Margherita Kaplan. In September, 2013, however, Mr. Kaplan filed a notice of voluntary dismissal of that complaint pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). After Mr. Kaplan filed that notice of voluntary dismissal he filed an application to proceed *in forma pauperis*. On October 28, 2013, this Court dismissed the amended complaint without prejudice pursuant to Mr. Kaplan's notice of voluntary dismissal. Mr. Kaplan's application to proceed *in forma pauperis* was also denied without prejudice as moot in light of the dismissal of the amended complaint.

On December 24, 2014, Mr. Kaplan filed an application to reopen the case. In that motion, Mr. Kaplan alleged that the defendant, Margherita Kaplan, and certain political figures had set him up and were conspiring to keep him confined. In January 2015, I denied that motion to reopen the case. My order noted that Mr. Kaplan had not paid the filing fee, nor had he filed an updated motion to be granted *in forma pauperis* status, and that one or the other would be

required if the case were to be reopened. I also noted that the allegations raised in the motion to "reopen" were completely distinct from those asserted in his amended complaint, and that the proper procedure for asserting such claims would be to file a new civil action.

On February 3, 2015, Mr. Kaplan filed another motion to reopen his case. On February 9, 2015, I again denied Mr. Kaplan's motion to reopen. First, I noted that the proper procedure for Mr. Kaplan to follow was to file a new civil action. Second, Mr. Kaplan incorrectly objected to being charged a "second" filing fee; in fact he had never paid a first filing fee. Third, although Mr. Kaplan had now submitted an application to proceed *in forma pauperis,* that application was incomplete.

On July 29, 2015, this Court received Mr. Kaplan's application to again amend his complaint, as well as a petition for writ of mandamus. Mr. Kaplan now seeks to add another defendant, Judge Thomas Miller of the Superior Court of New Jersey, Somerset County. He claims that he is being denied access to transcripts, which is impairing his ability to defend himself in state court. He asserts that Judge Miller is involved in a criminal conspiracy with Margherita Kaplan to keep constitutional violations hidden and to make sure that he does not receive his transcripts. In his petition for writ of mandamus, Mr. Kaplan requests that this Court order for the state court to release his transcripts so that he can prove that there was a conspiracy between the Judge and Margherita Kaplan in his divorce proceedings.

## II.   DISCUSSION

### A. Motion to Amend

Mr. Kaplan has filed an application to amend his complaint so that he can add Judge Miller as a defendant to this action. The application to amend will be denied. First, as the Court noted in a prior Opinion in this case, the proper procedure for Mr. Kaplan to follow if he seeks to

reopen this case is to file a new civil action. Second, Mr. Kaplan still has never paid a filing fee or filed a complete application for *in forma pauperis* status. The application to amend will be denied because this case was never properly filed to begin with. If Mr. Kaplan intends to go forward with this claims, he may file a new action, together with either the filing fee or a complete application for *in forma pauperis* status. For the meantime, the application to amend will be denied.

### B. Petition for Writ of Mandamus

Mr. Kaplan has also filed a petition for a writ of mandamus. He asks this Court to order the state court to release transcripts which apparently are related to his divorce proceedings.

Mr. Kaplan's petition for writ of mandamus will be denied. Under 28 U.S.C. § 1361, a district court has "jurisdiction over a mandamus action to compel an employee of the United States to perform a duty owed to the plaintiff." *Taylor v. Hayman*, 435 F. App'x 62, 63 (3d Cir. 2011). Here, however, Mr. Kaplan seeks an order compelling *state* officials to perform a duty (apparently a duty founded in state law). Such an order would not fall within the scope of § 1361. *See Taylor*, 435 F. App'x at 63 (affirming denial of mandamus petition for lack of jurisdiction brought seeking to compel state officials to perform a duty); *Morales v. Public Defenders of Delaware Cnty.*, No. 12-6531, 2012 WL 6621369, at *4 (E.D. Pa. Dec. 19, 2012) ("[T]o the extent plaintiff requests a writ of mandamus to require the state court reporter to give him transcripts, there is no legal basis because federal courts have no authority to issue writs of mandamus against state officers) (citations omitted). Accordingly, the mandamus petition will be denied.

### III. CONCLUSION

For the foregoing reasons, Mr. Kaplan's application to amend will be denied without prejudice and his petition for writ of mandamus will be denied. An appropriate Order will be entered.

Dated: August 11, 2015

_____
KEVIN MCNULTY
United States District Judge

4